WELLS, C.J.
We have for review the recommendations of the Chief Judges of the District Courts of Appeal of Florida for the creation of the District Court of Appeal Budget Commission (DCA Budget Commission). We agree with the recommendation of the Chief Judges for the formation of the DCA Budget Commission. In order to create the DCA Budget Commission, we approve a proposed rule for immediate publication and comment. The proposed rule is set forth in the appendix to this opinion.
The rule establishes the DCA Budget Commission to oversee the preparation and implementation of the budgets for Florida’s intermediate courts of appeal. The DCA Budget Commission will be directly responsible for adopting the policies and procedures governing the development and administration of the budgets affecting its constituency and will provide a mechanism for the active involvement of appellate judges and administrative officers in the development of budgetary policy so that the funding requirements of each of the appellate courts can be adequately addressed while promoting statewide operational consistency.
Article III, section 19 of the Florida Constitution and chapter 216, Florida Statutes, govern the development and administration of state budgets, including those of the judicial branch. Specific legislative re *478 quirements for state government budgeting, budget administration, and planning are presented in chapter 216. These constitutional and statutory provisions, along with the General Appropriations Act, set forth the budgetary processes and annual appropriations for the judicial branch. The DCA Budget Commission will afford an opportunity for district court of appeal judges and their administrative personnel to work together in the development of budgets for the appellate courts that conform with constitutional requirements, legislative directives contained in the statutes and the Appropriations Act, and budget instructions that are issued pursuant to chapter 216.
The role and function of the DCA Budget Commission is similar to that of the Trial Court Budget Commission (TCBC), which was recently created under Rule of Judicial Administration 2.053. The TCBC rule was promulgated primarily to assist in the orderly transition of trial court funding responsibilities from the counties to the state pursuant to the 1998 adoption by the voters of Revision 7 to Article V of the Florida Constitution. But, in addition, the TCBC will provide a mechanism for the participation of trial court officers and personnel in the budgeting process mandated by the Constitution and the Legislature. This cooperative effort among trial court representatives is intended to promote support for a unified trial court budget by fostering confidence in the budgeting process and assuring equity and fairness in the allocation of State Courts System resources. Similarly, a budget commission for the District Courts of Appeal will provide a forum for appellate court representatives to reach consensus on funding issues and priorities for the District Courts of Appeal so that all court officers and personnel can support a unified legislative funding proposal for the intermediate appellate courts and make collaborative decisions regarding the allocation of resources once legislative appropriations have been made.
The effectiveness of the DCA Budget Commission will depend on its ability to fairly balance the competing interests and priorities of all affected constituents. To ensure that its decisions are made equitably, the DCA Budget Commission must afford an opportunity for access and input by those who will be impacted by its activities. Those opportunities should include a procedure for soliciting budget suggestions and recommendations, a process for reviewing and commenting on commission decisions, and a mechanism for appeal. In return, we expect all appellate court personnel to support the decisions of the DCA Budget Commission, which will require a willingness to work cooperatively and to compromise from time to time. It will be necessary for district court of appeal judges and staff to develop a statewide perspective so that they will appreciate the collective resource needs and requirements of all five intermediate appellate courts and eliminate intra-branch competition in the face of resource limitations. Most importantly, they must be committed to speaking with a unified voice through the DCA Budget Commission and refrain from advancing the interests of their own courts at the expense of the others.
Florida’s District Courts of Appeal have had since their creation a great deal of autonomy in the development and administration of their budgets. The Chief Judges of the District Courts of Appeal have traditionally exercised a high degree of fiscal responsibility in the prudent expenditure of state funds. We expect the DCA Budget Commission to develop budgetary practices and procedures that continue to vest primary authority for fiscal management and control of court operations in the chief judge of each court. *479 However, we will additionally rely on the DCA Budget Commission to develop uniform policies that promote efficiency, productivity, and accountability in appellate court operations and advance best practices so that continuous improvement is assured and the interests of justice are served.
Finally, the DCA Budget Commission will serve as a resource to the Supreme Court in carrying out the constitutional mandate established under article III, section 19(h), Florida Constitution, for the development of planning documents and implementation of quality management and accountability programs. The DCA Budget Commission will work with other Supreme Court commissions and committees so that budget planning and development are coordinated with programmatic planning, performance, and accountability activities for the branch.
We approve the proposed rule for publication and comment, with the rule to become effective July 1, 2001. Interested parties are invited to submit comments and suggestions regarding the proposed rule on or before May 1, 2001.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

RULE 2.054. District Court of Appeal Budget Commission
(a) Purpose. The purpose of this rule is to establish a District Court of Appeal Budget Commission with responsibility for developing and overseeing the administration of district court budgets in a manner which ensures equity and fairness in state funding among the 5 districts.
(b) Responsibilities. The District Court of Appeal Budget Commission is charged with specific responsibility to:
(1) establish budgeting and funding policies and procedures consistent with judicial branch plans and policies, directions from the supreme court, and in consideration of input from supreme court committees;
(2) make recommendations to the supreme court on a unitary district court component of the annual judicial branch budget request;
(3) advocate for the district court component of the annual judicial branch budget request;
(4) make recommendations to the supreme court on funding allocation formulas and/or criteria as well as associated accountability mechanisms based on actual legislative appropriations;
(5) monitor district court expenditure trends and revenue collections to identify unanticipated budget problems and to ensure the efficient use of resources;
(6) recommend statutory and rule changes related to district court budgets;
(7) develop recommended responses to findings on financial audits and reports from the Supreme Court Inspector General, Auditor General, Office of Program Policy Analysis and Government Accountability, and other governmental entities charged with auditing responsibilities regarding district court budgeting when appropriate;
(8) recommend to the supreme court district court budget reductions required by the legislature;
(9) identify potential additional sources of revenue for the district courts; and
*480 (10) recommend to the supreme court legislative pay plan issues for district court personnel.
(c) Operational Procedures. The District Court of Appeal Budget Commission will establish operating procedures necessary to carry out its responsibilities as outlined in subdivision (b), subject to final approval by the supreme court. These procedures shall include:
(1) a method for ensuring input from interested constituencies, including the chief judges, marshals, and clerks of the district courts, other members of the district court judiciary, the Judicial Management Council, and other judicial branch committees and commissions; and
(2) a method for appeal of the decisions of the District Court of Appeal Budget Commission. Appeals may be made only by a chief judge on behalf of the district. Appeals may be heard only by the District Court of Appeal Budget Commission unless the appeal is based on the failure of the commission to adhere to its operating procedures, in which case the appeal may be made to the supreme court.
(d) Action by Supreme Court or Chief Justice on Recommendations of the District Court of Appeal Budget Commission. The supreme court or chief justice, as appropriate, may take any or all of the following actions on recommendations made by the District Court of Appeal Budget Commission:
(1) The adoption of the recommendations of the commission made in accordance with the discharge of its responsibilities listed in subdivision (b) in whole.
(2) The adoption of the recommendations in part and referral of specific issues or questions back to the commission for further study or alternative recommendations.
(e) Membership and Organization. The District Court of Appeal Budget Commission will be composed of 9 members appointed by the chief justice who will represent the interests of the district courts generally rather than the individual interests of a particular district.
(1) The membership shall include 5 district court judges and 4 clerks, marshals or deputy marshals, and each district court of appeal shall have at least 1 member.
(2) The chief justice will appoint 1 member to serve as chair and 1 member to serve as vice chair, each for a 2-year term.
(3) A supreme court justice will be appointed by the chief justice to serve as supreme court liaison.
(4) The original members of the commission will be appointed as follows:
(A) 3 members shall be appointed for a 2-year term;
(B) 3 members shall be appointed for a 4-year term; and
(C) 3 members shall be appointed for one 6-year term.
All subsequent members will each be appointed for one 6-year term. In the event of a vacancy; the chief justice will appoint a new member to serve for the remainder of the departing member’s term.
(5) The commission may establish subcommittees as necessary to satisfactorily carry out its responsibilities. Subcommittees may make recommendations only to the commission as a whole. The chair of the commission may appoint a non-commission member to serve on a subcommittee.
(f) Staff Support and Funding. The Office of the State Courts Administrator *481 will provide primary staff support to the commission. Adequate staffing and resources will be made available to the Office of the State Courts Administrator to ensure the commission is able to fulfill its responsibilities as outlined in this rule. Sufficient resources will also be provided for the commission and its subcommittees to meet and otherwise complete its work.